```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON


JERMICHAEL DESPER,

          Petitioner,

v.                                CASE NO. 2:01-cr-00112-01
                                  CASE NO. 2:10-cv-01069

UNITED STATES OF AMERICA,

          Respondent.
```

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus to Eliminate Second Sentence for Same Crime, which he has filed pursuant to Article I, Section 9 of the Constitution and the Due Process Clause of the Fifth Amendment (docket # 107, "Petition").[1] Petitioner's reference to Article I, Section 9 is to the prohibition on the suspension of the writ of habeas corpus (letter to Clerk, # 110).

Petitioner, Jermichael Desper, is serving a sentence of 78 months, to be followed by a mandatory consecutive term of 60 months, to be followed by a five-year term of supervised release, upon his conviction by a jury of possession with intent to distribute cocaine base (21 U.S.C. § 841(a)(1)) and possession of a firearm in relation to a drug trafficking crime (18 U.S.C. §

---

[1] Page 5 (part of paragraphs 15 through 18) is missing from the Petition.

924(c)(1)(A)). (Judgment in a Criminal Case entered September 10, 2001, # 45; Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), entered March 11, 2008, # 105.)

Defendant's direct appeal was unsuccessful. United States v. Desper, No. 01-4772, 2002 WL 521974 (4th Cir. Apr. 8, 2002). His first § 2255 Motion was denied. (Judgment Order entered March 1, 2006, # 97.)

The basis for Defendant's Petition is his belief that imposition of a term of supervised release is a violation of due process of law and a denial of equal protection of the law because state prisoners do not serve such terms. (Petition, at 8-9.) The relief which he seeks is "to remove the additional sentence of supervised release from his punishment to restore constitutionally required finality to it and to fulfill the requirments [sic] of due process under the United States Constitution." Id. at 9-10.

The Petition amounts to a request for collateral review of Petitioner's conviction and sentence. In view of the section 2255 proceedings previously conducted in Petitioner's criminal case, No. 2:01-cv-00112, it must be deemed to constitute a successive petition without certification by the United States Court of Appeals for the Fourth Circuit, pursuant to 28 U.S.C. § 2244(b)(3). Under these circumstances, this court has no jurisdiction to consider Petitioner's claims, and this action must be dismissed.

Applications under 28 U.S.C. § 2255 are the exclusive remedy

for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner bears the burden of showing the inadequacy or ineffectiveness of a section 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The fact that relief under section 2255 is barred procedurally or by the gatekeeping requirements of section 2255 does not render the remedy of section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D. W. Va. 2001)(Haden, C.J.). The remedy under section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." The undersigned

has carefully examined Petitioner's Petition for Writ of Habeas Corpus to Eliminate Second Sentence for Same Crime and has concluded that it plainly appears that Petitioner is not entitled to relief in this case.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner's petition in the instant case must be regarded a successive Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255. As such, the District Court is without jurisdiction to consider Petitioner's petition because Petitioner has not obtained certification to file a successive petition from the Fourth Circuit, pursuant to 28 U.S.C. § 2244(b)(3).[2]

Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition (# 107), and **DISMISS** this matter from the docket of the court.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED,** and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Rule 6(d) of the Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections), and

---

[2] Title 28, Section 2244(b)(3)(A) of the United States Code states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and to the United States Attorney's Office.

   September 15, 2010
          Date

Mary E. Stanley
United States Magistrate Judge